FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 0 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JUANICA HENRY, et al.,

                           Plaintiffs,

    -against-

NANNYS FOR GRANNYS INC., et al.,

                           Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-2264 (SLT)(LB)

**TOWNES, United States District Judge:**

       Plaintiffs filed this action alleging violations of the Fair Labor Standards Act ("FLSA")
and New York Labor Law ("NYLL"). Defendants Nannys for Grannys Inc., Nannies for
Grannies Inc., There's No Place Like Home Companion Care LTD., Patricia Thelian, and
Ronald Thelian (collectively, "Defendants") now move this Court to dismiss Plaintiffs' amended
complaint in its entirety. (ECF No. 23.) Defendants chiefly argue that Plaintiffs fall within the
"companionship" exemptions to the FLSA and NYLL. For the reasons set forth below,
Defendants' motion is granted in part and denied in part.

# BACKGROUND

## A. Facts

       The Court accepts as true the following facts from Plaintiffs' amended complaint.
Plaintiffs Juanica Henry, Lara Bakare, Geralyn Francis, Sharon Dellemann, June Morton, Angela
Williams, and Devine France all worked as qualified care givers for Defendants' senior home
health care business in Suffolk County, New York. (Am. Compl. ¶ 1, ECF No. 15.) Plaintiffs
typically worked 7 days per week and were "on-call" for 24 hours per day. (Id. ¶¶ 42, 54, 66, 77,
89, 101, 113.) During these 24-hour periods, Plaintiffs either worked or were at the client's beck

-1-

and call.  (*Id.* ¶¶ 44, 56, 68, 80, 91, 103, 115.)  Plaintiffs also assert that they spent more than 20 percent of the workweek performing general household tasks.  These tasks included "cooking, preparing and serving meals, washing clothes, and doing the patient's laundry, and cleaning the patient's home."  (*Id.* ¶¶ 43, 55, 67, 79, 90, 102, 114.)  Plaintiffs assert that Defendants failed to provide the required overtime, minimum wage, and spread-of-hours pay.

After Plaintiffs filed their complaint in April 2013, Defendants removed Plaintiffs Henry, Bakare, and Williams from their then-current assignments or failed to assign them new work.  Specifically, in early July 2013, Defendants reassigned Henry to a patient requiring care on fewer days and assigned another aide to the patient for whom Henry had been caring.  (*Id.* ¶¶ 134–35.)  Despite the availability of similar assignments, Defendants either did not assign Henry additional work or assigned her to work that required substantially fewer hours.  (*Id.* ¶¶ 136–37.)  In early May 2013, Defendants informed Bakare they had no additional work for her.  (*Id.* ¶ 141.)  Defendants then assigned another aide to the patient Bakare had been caring for.  (*Id.* ¶ 142.)  Defendants informed Williams in mid-July 2013 that they had no additional work for her.  (*Id.* ¶ 147.)  As with Henry and Bakare, Defendants assigned another aide to the patient for whom Williams had been caring.  (*Id.* ¶ 148.)

**B. Procedural History**

Plaintiffs originally filed this action on April 15, 2013, alleging minimum wage (FLSA & NYLL), overtime (FLSA & NYLL), and spread-of-hours (NYLL) violations.  (*See* ECF No. 1.)  In June and July 2013, Defendants and Plaintiffs filed requests for leave to move to dismiss and amend, respectively.  (ECF Nos. 9, 12.)  This Court allowed Plaintiffs to amend their complaint as a matter of course and thus denied without prejudice Defendants' request for leave to move to

-2-

dismiss. (ECF No. 14.) Plaintiffs filed their amended complaint on September 9, 2013, adding Angela Williams and Devine France as plaintiffs and new claims for retaliation (FLSA & NYLL). (*See* ECF No. 15.) This Court granted Defendants leave to move to dismiss in January 2014, and Defendants filed the fully briefed motion on July 15, 2014. (*See* ECF No. 23.)

Plaintiffs' response to this motion attaches affidavits from each Plaintiff. (*See* Opp'n Mem. Exs. A–G, ECF No. 22-2.) When the Court is presented with matters outside the pleadings on a motion under Rule 12(b)(6), as here, the Court must either exclude the matters or treat the motion as one for summary judgment and permit both parties an opportunity to present all pertinent materials. Fed. R. Civ. P. 12(d). Neither party requested that the Court treat this motion as one for summary judgment, and the Court has excluded these matters from its consideration of this motion.

### STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Dismissal is appropriate only where it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *State Farm Mut. Auto. Ins. Co. v. Rabiner*, 749 F. Supp. 2d 94, 98 (E.D.N.Y. 2010) (citation omitted). The question presented to the Court at this stage is "not whether a plaintiff will ultimately

prevail, but whether the claimant is entitled to offer evidence to support her claims." *Id.* (citation omitted).  To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

"Congress enacted the FLSA in 1938 to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010) (citing 29 U.S.C. § 202(a)).  To that end, "the FLSA imposes numerous 'wage and hour' requirements . . . to ensure that workers are adequately compensated." *Id.*  The FLSA exempts certain employees from its protections.  *See* 29 U.S.C. § 213.  But because the FLSA is remedial in nature, courts must narrowly construe its exemptions.  *Reiseck*, 591 F.3d at 104 (citations omitted).  "Furthermore, the employer invoking the exemption bears the burden of proving that its employees fall within the exemption." *Id.* (citations omitted).

### A. Companionship Exemption

The FLSA does not apply to workers "employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15).  The NYLL incorporates the FLSA's exemptions.  *See, e.g., Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 160 (S.D.N.Y. 2014) (citation omitted).  The Code of Federal Regulations provides that companionship services "may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and

-4-

other similar services." 29 C.F.R. § 552.6. Companionship services may also include general

household work, provided that "such work is incidental, i.e., does not exceed 20 percent of the

total weekly hours worked." *Id.*

Plaintiffs' amended complaint alleges that they each spent more than 20 percent of the

workweek performing general household tasks, including "cooking, preparing and serving meals,

washing clothes, and doing the patient's laundry, and cleaning the patient's home." (Am.

Compl. ¶¶ 43, 55, 67, 79, 90, 102, 114.) Defendants contend that Plaintiffs have only pleaded

"household work related to [their clients' care]" rather than "general household work" subject to

the 20 percent limitation. Defendants thus argue that Plaintiffs are exempted from the FLSA's

protections. To support this argument, Defendants cite to a 1995 Department of Labor Opinion

Letter that clarified the meaning of "general household work." The Opinion Letter states that

"activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage

removal and cleaning the rest of a 'trashy' house would be general household work or

nonexempt work that is subject to the 20 percent time limitation." U.S. Dep't of Labor, Opinion

Letter, Fair Labor Standards Act (FLSA), 1995 WL 1032475, at *1 (Mar. 16, 1995).

Defendants' argument is premature. The Second Circuit has noted that plaintiffs do not

need to plead facts showing they qualify as non-exempt employees. *Dejesus v. HF Mgmt. Servs.,*

*LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

Rather, "[a] claim of exemption under the FLSA is an affirmative defense, and the employer

bears the burden of proof in making any such claim." *Id.* (citations omitted); *see also Beaulieu v.*

*Vermont*, No. 2:10-CV-00032, 2010 WL 3632460, at *5 (D. Vt. Aug. 5, 2010) ("Since the

defendants in an FLSA action have the burden of pleading affirmative defenses, the absence of a

detailed description of job duties in the Complaint is immaterial to the 12(b)(6) motion."). Thus, the district court in *Beaulieu* noted that "[t]he exemption categories delineated by the FLSA are not designed to thwart nascent claims, but rather, are available affirmative defenses to be fleshed out during the discovery process." 2010 WL 3632460, at *6.

A court may, however, grant a motion to dismiss on this basis "[w]here the Complaint contains allegations that unequivocally qualify an employee as exempt from the overtime provisions." *Id.* at *6 (citation omitted). The Southern District of Florida thus granted a motion to dismiss where the plaintiff herself alleged that she "provided companionship services 24 hours per day." *See Corrales v. Bello*, No. 08-22063-CIV, 2009 WL 302271, at *2–3 (S.D. Fla. Feb. 9, 2009). Similarly, this court granted an employer's motion to dismiss where the plaintiffs conceded at oral argument that none of plaintiffs' activities involved heavy cleaning but instead involved only the types of activities that do not trigger the 20 percent limitation. *See Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc.*, No. 08-CV-3678(CBA), 2009 WL 1086935, at *3–4 (E.D.N.Y. Apr. 22, 2009).

Here, Plaintiffs allege that they spent more than 20 percent of their time cleaning their patients' homes, among other work activities. Unlike the plaintiff in *Corrales*, the amended complaint's allegations of spending a "substantial" period of time with their patients and being "on-call"[1] 24 hours per day do not mathematically preclude Plaintiffs from meeting the 20 percent requirement. And unlike the plaintiffs in *Torres*, Plaintiffs have not conceded that the "cleaning" alleged in their complaint was not of the kind necessary to trigger the 20 percent

---

[1] Defendants' contend that Plaintiffs' amended complaint fails to allege that Plaintiffs were "on-call." (Reply 5, ECF No. 25.) However, the amended complaint contains many allegations that Plaintiffs were "on-call." (*See, e.g.*, Am. Compl. ¶¶ 42, 44, 46, 54, 56.)

limitation.  Whether Plaintiffs qualify as exempt is a matter to be fleshed out during discovery.

Thus, to the extent Defendants' motion seeks to dismiss Plaintiffs' claims as barred by the

"companionship" exemption, Defendants' motion is denied.

### B. Retaliation

The FLSA prohibits employers from discharging or in any other way discriminating

against any employee "because such employee has filed any complaint . . . under or related to

this chapter." 29 U.S.C.A. § 215.  Similarly, the NYLL provides that an employer shall not

"discharge, threaten, penalize, or in any other manner discriminate or retaliate against any

employee" who brings an action under the NYLL.  N.Y. Lab. Law § 215.  Thus, to state a

retaliation claim under the FLSA and NYLL, a plaintiff must plead: "(1) participation in

protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff;

and (3) a causal connection between the protected activity and the adverse employment action."

*Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (citing

*Mullins v. City of New York*, 626 F.3d 47 (2d Cir. 2010); *Higueros v. New York State Catholic*

*Health Plan, Inc.*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007)).

Defendants note that the amended complaint includes no factual allegations of retaliation

against Plaintiffs Francis, Dellemann, Morton, or France.  Thus, to the extent these Plaintiffs

assert retaliation claims, Defendants argue that these claims must be dismissed.  (Mem. Supp.

11–12, ECF No. 23-2.)  The Court agrees.  The amended complaint includes allegations of

retaliation against only Plaintiffs Henry, Bakare, and Williams, and Plaintiffs' opposition only

discusses Henry, Bakare, and Williams.  (Opp'n Mem. 23–24, ECF No. 22.)  Francis,

Dellemann, Morton, and France do not appear to assert retaliation claims.  However, because the

-7-

amended complaint asserts retaliation claims on behalf of the Plaintiffs generally, the Court

dismisses Francis, Dellemann, Morton, and France's retaliation claims to the extent they

intended to assert such claims. *Cf. Walz v. 44 & X Inc.*, No. 12 Civ. 5800 (CM), 2012 U.S. Dist.

LEXIS 161382, at *14–15 (S.D.N.Y. Nov. 7, 2012) (finding one of two plaintiffs failed to plead

retaliation where complaint alleged retaliation against the other plaintiff only).

      Defendants also argue that this Court must dismiss Williams's retaliation claims because

she cannot establish a causal connection between a protected activity and the adverse action

taken against her. Williams alleges Defendants retaliated against her by notifying her on July 18,

2013, that Defendants did not have any additional work for her and not assigning her any work

after that date. However, Williams did not become a party to this case until she was added as a

Plaintiff nearly two months later, on September 9, 2013. Because the adverse act preceded

Williams's protected activity, it cannot form the basis for a retaliation claim. *See, e.g., Gonzalez

v. El Acajutla Rest., Inc.*, No. CV 04-1513(JO), 2007 WL 869583, at *9 (E.D.N.Y. Mar. 20,

2007) (citation omitted) ("[B]ecause Gonzalez's employment had ended before he engaged in the

protected activity, there was no adverse employment action that followed (much less that was

caused by) his engagement in protected activity. He therefore cannot succeed on his retaliation

claims under the FLSA and New York State law."). Because Williams has not sufficiently

alleged a causal connection, her retaliation claims must be dismissed.

      Defendants also ask this Court to dismiss the class retaliation claims because the

amended complaint only alleges retaliation against Henry and Bakare.[2] (Mem. Supp. 12, ECF

---

    [2] Defendants' reply points to a passage in Plaintiffs' brief that states that "Plaintiffs are
not asserting retaliation claims on behalf of Plaintiffs Henry and Bakare." This statement clearly

No. 23-2.) The instant 12(b)(6) motion does not constitute the appropriate vehicle by which to raise this issue; rather, the Court will consider the issue if Plaintiffs seek class certification of a retaliation claim. *See Walz*, 2012 U.S. Dist. LEXIS 161382, at *14–15 (questioning viability of class retaliation claim but declining to consider the issue because 12(b)(6) motion was "not the proper method in which to raise this issue" and plaintiffs had not yet moved for certification).

The Court likewise denies Defendants' request to dismiss all of Plaintiffs' class and collective claims. Plaintiffs have not sought issuance of a collective action notice nor have they moved for class certification. The cases Defendants cite all arose after the plaintiffs requested a collective action notice or class certification. "Although [Defendants] raise[] significant questions about whether this case could ever appropriately be maintained as a collective [or class] action, it would be premature to reach that question at this juncture." *See Lamur v. Sunnyside Cmty. Servs., Inc.*, No. 11-CV-4439 (CBA)(RLM), 2012 WL 3288770, at *5 (E.D.N.Y. Aug. 9, 2012).

### C. Statute of Limitations

The FLSA provides a two-year statute of limitations that extends to three years for willful violations. 29 U.S.C. § 255(a). An employer's actions qualify as willful where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Courts within the Second Circuit generally leave the question of willfulness to the trier of fact. *See Litras v. PVM Int'l Corp.*, No. 11-CV-5695 (JFB)(AKT), 2013 WL 4118482, at *5

---

constitutes a typographical error as the next two paragraphs argue in support of Henry and Bakare's retaliation claims. (*See* Opp'n Mem. 23–24, ECF No. 22.)

(E.D.N.Y. Aug. 15, 2013) (citing cases); *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Whether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss."); *Moran v. GTL Const., LLC*, No. 06 CIV 168(SCR), 2007 WL 2142343, at *4 (S.D.N.Y. July 24, 2007) ("Although Plaintiff has the burden of proving willfulness at trial, for the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the 'condition of mind of a person may be averred generally.'" (internal citations omitted)).

Plaintiffs' amended complaint alleges that Defendants willfully violated the FLSA. At this stage of the litigation, this general averment of willfulness suffices. *See Moran*, 2007 WL 2142343, at *4. Defendants' motion to dismiss the portions of Plaintiffs' FLSA claims outside the two-year limitations period is therefore denied.

### Conclusion

Accordingly, Defendants' motion to dismiss (ECF No. 23) is denied in part but granted to the extent it seeks dismissal of the retaliation claims brought by Williams, Francis, Dellemann, Morton, and France.

**SO ORDERED.**

/s/ Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: January 15, 2015
Brooklyn, New York

-10-